United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**June 4, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-51368
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OMAR ARGUIJO-LUCIO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-02-CR-1527-ALL-DB
--------------------

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Omar Arguijo-Lucio appeals his sentence for illegal reentry into the United States following removal in violation of 8 U.S.C. § 1326. He argues that the district court erred in imposing a 16-level increase in his offense level under U.S.S.G. § 2L1.2(b)(1)(A) based on his prior robbery conviction. He argues that the Sentencing Commission intended that the 16-level increase should be applied only to those crimes of violence that are also aggravated felonies under 8 U.S.C. § 1101(a)(43). Under the plain

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

language of U.S.S.G. § 2L1.2(b)(1)(A) and its comments, a 16-level increase applies if the defendant has a prior conviction for a crime of violence, which expressly includes robbery. <u>See</u> U.S.S.G. § 2L1.2(b)(1)(A) and comment. (n.1(B)(ii)). Neither § 2L1.2(b)(1)(A) nor the comment refers to 8 U.S.C. § 1101(a)(43) or provides that a crime of violence must also be an aggravated felony under 8 U.S.C. § 1101(a)(43). Accordingly, the district court did not err in imposing the 16-level increase based on Arguijo's prior robbery conviction.

Arguijo argues that his sentence exceeds the statutory maximum sentence for the offense of illegal reentry into the United States as charged in the indictment in view of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). He acknowledges that the argument is foreclosed by <u>Alemendarez-Torres v. United States</u>, 523 U.S. 224 (1998), but seeks to preserve it for possible Supreme Court review. <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. <u>See</u> <u>Apprendi</u> 530 U.S. at 489-90. This court must therefore follow the precedent set in <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it." <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).

AFFIRMED.